## AMARIAH TAFT *versus* WILLIAM C. AYLWIN.

The defendant being employed by the heirs of a deceased person, to collect the debts
due to the estate of the deceased, one of the heirs, who was insolvent, drew an order
for value received requesting the defendant to pay to the plaintiff whatever balance
might come into the defendant's hands for account of the drawer, out of the estate
of the deceased, and the defendant " accepted to pay the balance when received."
In an action by the plaintiff upon the order, it was *held*, that the defendant had no
right to retain a part of the money received, in discharge of any claim which he had
against the drawer, beyond the expenses of collecting the money ; and that whether
the plaintiff, when he received the order, did or did not know of a claim set up by
the defendant, which was discovered after the acceptance, was immaterial.

ASSUMPSIT upon an order, dated July 18, 1831, drawn
by Alexander Peters in favor of the plaintiff, requesting the
defendant to pay over to him $ 1700 or whatever balance of
money there was in his hands, or might come to his hands, for
account of the drawer, out of the estate of Joseph Peters,
deceased ; on which order the defendant wrote, " accepted to
pay the balance when received.  Wm. C. Aylwin."

Plea, the general issue.

At the trial, before *Morton* J., it appeared that Alexander

Peters was one of the heirs of Joseph Peters ; that he, with the other heirs, employed the defendant to collect the money due to the deceased ; that Alexander had, some years before, failed in business, and had not, at the date of the order, paid his debts ; that on that day he brought to the defendant for his acceptance, an order in favor of the plaintiff, and desired the defendant to accept it, as he wished to place this fund where he could control it ; for he could not, as he said, pay his old debts, but he wished to provide for some of his more recent creditors ; that he owed the plaintiff several hundred dollars, but much less than his share in the estate of Joseph Peters ; that the defendant stated to him that the order would not answer his purpose, as it ought to be for value received ; that a new order was drawn in conformity with his directions, which was the order declared upon ; that Coolidge, Deblois & Co., in 1819, recovered judgment against Alexander Peters for the sum of $ 155·73 and costs, which remained wholly unsatisfied ; that in February 1820, Coolidge, Deblois & Co. assigned their property and demands of every kind to the defendant, and as such assignee he was entitled to the proceeds of the judgment above mentioned, at the time when the order was accepted ; that at the time of the acceptance nothing was said about the judgment, but that the defendant addressed a letter to Alexander Peters, dated the 18th of July, 1831, but postmarked on the 29th of that month, stating that in looking over an old docket he had found the judgment in question, and expressing his desire to have part of the money to be collected, applied to the discharge of the judgment ; that this letter was received by Peters at Mendon, and he soon thereafter made known to the plaintiff that he had received it, but it did not appear that he made known to him the contents ; that in a short time after the acceptance of the order, the plaintiff executed an obligation, wherein he promised Peters to pay some of his creditors, which obligation the plaintiff retained in his hands and did not deliver to Peters for some months ; that in the summer of 1832 the plaintiff paid about $ 200 to one Wood, and he has since paid over the balance to other creditors of Peters ; that the defendant stated an account in which he credited himself with the amount of the judgment, on the back of which

Taft
v.
Aylwin.

account and on the original order the plaintiff signed duplicate receipts for money paid to him by the defendant in pursuance of the order, but the receipts do not refer to the account, nor did it appear that the plaintiff saw the account ; that at the date of the last receipt the defendant had received all the money mentioned in his acceptance, and that on the same day the plaintiff demanded payment of the balance then due to him.

If upon these facts the plaintiff was entitled to recover, judgment was to be rendered in his favor for the amount retained by the defendant on account of the judgment recovered by Coolidge, Deblois & Co. ; otherwise he was to become nonsuit.

*Oct. 5th.

*J. Davis* and *Washburn*, for the defendant, cited *Brackett* v. *Winslow*, 17 Mass. R. 160 ; *Barrett* v. *Barrett*, 8 Pick. 342 ; *Cole* v. *Trull*, 9 Pick. 328 ; *Hathaway* v. *Russell*, 16 Mass. R. 473.

*Merrick* and *Rawson*, for the plaintiff, cited *Grew* v. *Burdett*, 9 Pick. 265 ; Chit. Contr. 328 ; *Rogerson* v. *Ladbroke*, 1 Bingh. 93 ; *Houston* v. *Robertson*, 6 Taunt. 448 ; *Sargent* v. *Southgate*, 5 Pick. 312 ; *Mowry* v. *Todd*, 12 Mass. R. 281 ; *King* v. *Fowler*, 16 Mass. R. 397.

*Oct. 7th.*

Putnam J. delivered the opinion of the Court. The question is, whether the defendant may be allowed to set off against his acceptance a judgment for $155·73 recovered in 1819 by Coolidge, Deblois & Co., and the interest, which judgment was assigned by them to the defendant in 1820, when they failed.

It is contended for the defendant, that the acceptance being special, viz. to pay the balance that should be in his hands, upon its face imported and notified the holder that the defendant was to deduct from the money he should receive, not only his account for services in the collection, but any legal or equitable claim that he had or might have against the drawer

The case finds that the drawer was entitled to a share of the estate of Joseph Peters deceased. The defendant was the agent of the heirs to collect the money belonging to the estate. Alexander Peters (the drawer) was then embarrassed with old debts, and he had also contracted debts recently

He represented to the defendant, that he was desirous to re-tain the control of his share of this property, saying expressly that he could not pay his old debts. His intent evidently was, to give a preference to some of his creditors over others. That was a legal right which he might exercise if he pleased. He frankly disclosed these views to the defendant, when the following mode of carrying them into effect was adopted. A negotiable bill was drawn, and accepted by the defendant, payable to the plaintiff or order, "for $1700 or whatever the balance of money that then was or should come to the hands of the defendant for account of Alexander Peters out of the estate of Joseph Peters deceased." And the defendant ac-cepted the bill, to pay the balance when received.

The case finds that nothing was then said by the defendant to Alexander Peters about the judgment which the defendant now claims to have allowed. It was then more than ten years old, and would come within the description of the debts which the drawer thought and declared, he could not pay.

It is very clear that, if an action had been brought by or in the names of Coolidge, Deblois & Co., against Alexander Peters, and the defendant had been summoned as trustee, he could not have been held, after having accepted this negotiable bill or order.

And the plaintiff now contends, that if the defendant had informed Alexander Peters that this old judgment must be de-ducted, he would not have employed the defendant to aid in the proposed arrangement, but would have resorted to other means and to other counsel to effect his purpose.

If this suit were brought avowedly for the use of the draw-er, Alexander Peters, to the intent that he should have the con-trol of the funds, it seems to us to be clear that it would not be competent for the defendant to prevent him from appro-priating the same as he should think just. But the payee of this bill is a holder for value received. He not only had claims against the drawer in his own right, but after this bill so ac-cepted by the defendant came into his hands, he became under an obligation to discharge certain debts for the drawer, and he has actually paid the same. So that the payee comes not only with the legal presumption, but with the proof of having paid value for the bill.

It. has been suggested for the defendant, that the plaintiff has given several receipts for money received of the defendant on account of this bill, upon the account stated by the defend ant, in which the judgment of Coolidge, Deblois & Co., is charged against the funds ; and so that it may be fairly presumed that the plaintiff has assented to the correctness of that charge.

But upon an examination of the original account stated and the receipts of the plaintiff, we do not think that this suggestion is well founded. The receipts do not refer to the account. It does not appear that the plaintiff saw the account. The receipts are on the last page of the paper, on which there is no other writing. The receipts are for. money received " in pursuance of the order of Alexander Peters, dated &c ;" and duplicate receipts were signed by the plaintiff, one set of which were written on the back of the original order.

It has been contended for the defendant, that on the same day, but after he accepted the order, he discovered the mistake in not claiming the judgment to be allowed for the creditors of Coolidge, Deblois & Co., and notified the drawer by a letter of that date, but postmarked several days afterwards, that some arrangement should be made in that respect. Peters, the drawer, received that letter, but the case finds that it did not appear that he communicated the contents to the plaintiff. But if he had, it seems to us that it came too late. The rights of the parties had become fixed by the order and acceptance. The balance mentioned in the order refers expressly to the sum that should remain in the defendant's hands, which should belong to Alexander Peters, after the collection of the funds of the estate of Joseph Peters. The defendant engaged that Alexander Peters should have the control of that balance, and that it should be paid to the plaintiff or to his order. We are very clearly of opinion, that the defendant cannot be permitted to claim any part of those funds as assignee of the house of Coolidge, Deblois & Co., whether the assignment should have been for the use of the creditors of that house, or for his own use.

In every view in which this case has been presented to our minds, we are all of opinion that the judgment must be for the plaintiff